UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOHAMED SALEH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:24-cv-00124-HAB-SLC |
| | ) |
| GENERAL MOTORS LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On March 20, 2024, Defendant removed this action here from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Defendant's allegations pertaining to Plaintiff's citizenship are inadequate for purposes of establishing diversity jurisdiction.

To explain, Defendant alleges that Plaintiff Mohamed Saleh "resides in . . . Indiana," and that "Plaintiff is therefore a citizen of Indiana for diversity purposes." (ECF 1 ¶ 6). "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). The Court must be informed of Plaintiff's domicile.

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save*

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). It has not yet done so. Therefore, Defendant is AFFORDED to and including April 9, 2024, to FILE a supplemental jurisdictional statement that adequately alleges Plaintiff's citizenship for diversity jurisdiction purposes.

Further, each party appearing in this case is required to file a disclosure statement in accordance with Federal Rule of Civil Procedure 7.1(a)(2). Defendant has done so (ECF 3), but Plaintiff has not. Therefore, Plaintiff is ORDERED to FILE a Rule 7.1(a)(2) disclosure statement on or before April 9, 2024, as well.

SO ORDERED.

Entered this 26th day of March 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge